REUBEN OKONGWU vs. RUFUS STEPHENS & another[1].

Suffolk.  October 7, 1985. — February 12, 1986.

Present: HENNESSEY, C.J., WILKINS, LIACOS, LYNCH, & O'CONNOR, JJ.

*Practice, Civil,* Appeal, Judgment notwithstanding verdict, New trial. *Massachusetts Bay Transportation Authority. Commonwealth,* Agency.

The time period allowed by Mass. R. A. P. 4 (a) for the filing of a notice of appeal in a civil action, which had been tolled by the filing of the defendants' postjudgment motions under Mass. R. Civ. P. 50 (b), began to run anew on the day following the date that the plaintiff acceded to a remittitur pursuant to the judge's order requiring a remittitur or, alternatively, allowing a new trial. [726-729]

An action by a private individual against the Massachusetts Bay Transportation Authority and one of its employees was governed by the provision of Mass. R. A. P. 4 (a) allowing thirty days for the filing of a notice of appeal, and not by that rule's provision allowing a sixty-day period for the appeal of civil actions in which "the Commonwealth or an officer or agency thereof is a party." [729-732]

CIVIL ACTION commenced in the Superior Court Department on February 13, 1980.

The case was tried before *Thomas F. Fallon,* J., sitting under statutory authority, and posttrial motions were heard by him.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Anthony G. Prasinos* for the Massachusetts Bay Transportation Authority.

*R. Keith Partlow* for the plaintiff.

LIACOS, J. This case arises out of an altercation between the plaintiff, Reuben Okongwu, and Rufus Stephens, an employee of the Massachusetts Bay Transportation Authority (MBTA).

---

[1] Massachusetts Bay Transportation Authority.

The parties agree that the plaintiff filed a civil complaint in tort which, as finally amended, charged Stephens with assault and battery in count one; the MBTA, under the doctrine of respondeat superior, with assault and battery in count two; and the MBTA, through the actions of various other agents and employees, with abuse of process, false arrest and imprisonment, and intentional infliction of emotional distress in count three. The case was tried before a jury, and a verdict returned in the plaintiff's favor on counts one and three. Damages of $40,000 and $250,000 were assessed against Stephens and the MBTA, respectively.

Judgments were entered on the verdict on April 30, 1984. On May 2, 1984, the defendants jointly filed motions for judgment notwithstanding the verdict, or, in the alternative, for a new trial, Mass. R. Civ. P. 50 (b), 365 Mass. 814 (1974). See Mass. R. Civ. P. 59, 365 Mass. 827 (1974). On June 29, 1984, the trial judge denied the motion for judgment notwithstanding the verdict and allowed the motion for a new trial on the issue of damages against the MBTA only, unless the plaintiff accepted a remittitur of the damages awarded in the amount of $100,000 on or before July 12, 1984.[2] The plaintiff filed the remittitur on July 11, 1984. On September 7, 1984, both defendants filed a notice of appeal.[3] On September 11, 1984, judgment was entered on the jury verdict for the plaintiff as modified by the remittitur. On September 14, 1984, the defendants filed a second notice of appeal. The plaintiff moved to strike the appeal based on the defendants' alleged failure to comply with the provisions for filing notice of appeal under Mass. R. A. P. 4, as appearing in 378 Mass. 928 (1979). The

---

[2] The trial judge's order referred to the "defendant's" postjudgment motions. The use of the singular suggests that he thought that the motions had been filed by the MBTA only.

[3] This notice stated that the appeal was being taken from the judge's order of June 29 and "from the final judgment of September 7, 1984," the latter date being an obvious typographical mistake. The defendants moved subsequently to amend the notice, seeking to change the date of September 7, 1984, to April 25, 1984. The motion was denied. Judgments on the original verdict were entered on April 30, 1984.

motion to strike the appeal was denied. After the appeal was docketed in the Appeals Court, we transferred the case here on our own motion.

The defendants[4] argue that the time for filing notice of appeal did not start to run against them until judgment on the verdict and remittitur was entered on September 11, 1984; consequently, they maintain that their second notice of appeal was timely. In the alternative, the defendants urge that the MBTA is an agency of the Commonwealth, thus entitling them to notice an appeal within sixty days of entry of judgment. Therefore, if the appeal period commenced on July 11, 1984, the date the remittitur was accepted, their first notice of appeal is claimed to have been timely. The plaintiff contends that the appeal period began running on June 29, 1984, the date on which the order on the defendants' postjudgment motions was made. Additionally, the plaintiff contends that if we determine that the appeal period began running when the remittitur was accepted on July 11, 1984, notice of appeal still was untimely because the MBTA is not an agency of the Commonwealth and had only thirty days in which to take an appeal.

We address, first, the question when the period in which to notice an appeal began to run, and then consider whether the applicable period was thirty or sixty days in duration.

Subsequent to the entry of judgments on the jury verdict for the plaintiff, the defendants filed timely motions for judgments notwithstanding the verdict, or, in the alternative, a new trial. Mass. R. Civ. P. 50 (b). The second paragraph of Mass. R. A. P. 4 (a), as amended, 378 Mass. 924 (1979), provides in part as follows: "The running of the time for filing a notice of

---

[4] There is some doubt whether the defendant Stephens's appeal, apart from any timeliness issue under Mass. R. A. P. 4, is properly before this court. Stephens was represented at trial by separate counsel. Stephens did not submit a brief to either this court or the Appeals Court. The brief and record appendix submitted by the MBTA's general counsel are designated "for the Defendant-Appellant, Massachusetts Bay Transportation Authority." The MBTA's brief contains a short section addressing the propriety of the $40,000 judgment against Stephens. For purposes of this opinion we shall assume that Stephens is a party to this appeal.

appeal shall be terminated as to all parties by a timely motion filed in the lower court by any party pursuant to the Massachusetts Rules of Civil Procedure hereinafter enumerated in this sentence, and the full time for appeal fixed by this rule shall commence to run and shall be computed from *the making of any of the following orders* made upon a timely motion under such rules: (1) granting or denying a motion for judgment under rule 50 (b); . . . (4) denying a motion for a new trial under rule 59" (emphasis added).[5]

There is no dispute that the appeal period in the case at bar commenced on the date of entry of the original judgments on the verdict (April 30, 1984) but was tolled by the defendants' postjudgment motions. There is, however, disagreement as to when the appeal period began to run anew. We cannot accept the defendants' contention that the critical date on which the new appeal period began to run was that on which judgment was entered on the jury verdict with remittitur, inasmuch as we rejected a similar argument in *Feltch* v. *General Rental Co.,* 383 Mass. 603, 613 (1981). There we noted that the rule is unambiguous and states plainly that, after the running of the appeal period has been terminated by the filing of any of the specified postjudgment motions, a full appeal period begins to run and is computed from the date of the judge's responsive order (provided the order is among those designated as appealable under Mass. R. A. P. 4 [a]). Here, as in *Feltch,* the language of rule 4 (a) simply does not support the interpretation urged upon us by the defendants.

---

[5] Effective January 1, 1985, the second paragraph of Mass. R. A. P. 4 (a) has been amended to provide that following the filing of any of the postjudgment motions therein enumerated, "the time for appeal for all parties shall run *from the entry of the order* denying a new trial or granting or denying any other such motion" (emphasis added). 393 Mass. 1239 (1985). See *Abbott* v. *John Hancock Mut. Life Ins. Co.,* 18 Mass. App. Ct. 508, 512 n.7 (1984) (new wording of Mass. R. A. P. 4 [a] eliminates a pointless incongruity, as other appeal periods in civil litigation normally do not commence until an order is entered). In the instant case, because notice of appeal was filed in September, 1984, the 1985 amendment of Mass. R. A. P. 4 (a), second par., is inapplicable. Our discussion of the rule refers to the most recent version prior to the 1985 amendment.

Neither do we agree with the plaintiff that the period in which to file notice of appeal recommenced on June 29, 1984, the date of the judge's order which required a remittitur and, conditionally, allowed a new trial. Although rule 4 (a) states that a new appeal period is triggered by the denial or allowance of a motion for judgment notwithstanding the verdict, or the denial of a motion for a new trial, an order *allowing* a motion for a new trial is deemed interlocutory in nature and is not immediately appealable. *Brooksbank* v. *Epstein,* 5 Mass. App. Ct. 377, 378 (1977), and cases cited. J.W. Smith & H.B. Zobel, Rules Practice § 59.16 (1977).[6] Similarly, where a party has moved in the alternative for judgment notwithstanding the verdict or for a new trial, thus tolling the period in which to notice an appeal, and judgment notwithstanding the verdict is denied but the motion for a new trial is allowed, the order is not immediately reviewable. Because neither party may appeal in this instance, the applicable appeal period under rule 4 (a) does not begin to run on the issuance of such an order. By contrast, if the judge denies both motions, the aggrieved party may appeal the denial of either or both motions, and the time for filing notice of such an appeal commences to run when the order is made.[7] See *id.* at § 50.18; Mass. R. A. P. 4 (a), second par. See also note 5, *supra.*

We think it of no moment whether the judge's order ruling on the defendants' motion for a new trial is characterized as

---

[6] If the party opposing the motion for a new trial loses in the second trial, he may then obtain review of the order granting a new trial, Smith & Zobel, *supra* (& Supp. 1985), provided a timely appeal is taken under rule 4 (a) following entry of judgment in the second trial.

[7] Where a party moves in the alternative for judgment notwithstanding the verdict or for a new trial, the judge has four dispositional options, three of which provide the dissatisfied party or parties with an immediate right of appeal. The judge may: (1) deny judgment notwithstanding the verdict but order a new trial, in which case neither party may appeal immediately; (2) deny both motions; here the aggrieved party may appeal the denial of either or both; (3) allow the motion for judgment n.o.v. and conditionally allow the motion for a new trial, the latter being contingent on appellate reversal of the judgment entered n.o.v.; the party who obtained a favorable verdict may appeal both actions; (4) allow the motion for judgment n.o.v. but conditionally deny the new trial motion; here the verdict winner may

a conditional allowance or a conditional denial. What is critical is that the disposition was in fact equivocal. It was not clear at that point whether the defendants had a right to immediate appellate review of the order, because that right was contingent on whether the plaintiff acceded to the remittitur order. If the plaintiff filed a timely acceptance, the defendants would know, as of that date, that both motions had been denied and that an appeal could be taken. If, instead, the remittitur had not been accepted by the imposed deadline, the conditional new trial order would have become operative and neither party could have appealed, the order in essence then being one denying a motion for judgment notwithstanding the verdict but allowing the motion for a new trial.

It was not until the plaintiff accepted the remittitur on July 11, 1984, that the defendants' motion for a new trial effectively was denied. Therefore, it was on July 12, 1984, that the new appeal period began to run, Mass. R. A. P. 14 (a), 365 Mass. 859 (1974), and that is the date from which the timeliness of this appeal must be measured.

The defendants filed their first notice of appeal on September 7, 1984, fifty-eight days after the appeal period commenced on July 12. Under rule 4 (a), first par., as appearing in 378 Mass. 924, 928 (1979),[8] a party was required to file notice of appeal "within thirty days of the date of the entry of the judgment appealed from; but if the Commonwealth or an officer or agency thereof is a party, the notice of appeal may be filed

---

appeal the entry of judgment n.o.v., and the verdict loser may appeal the denial of a new trial. Smith & Zobel, *supra* at § 50.18.

The plaintiff cites *D'Annolfo* v. *Stoneham Hous. Auth.,* 375 Mass. 650, 655 (1978), in support of his argument that the conditional allowance of a new trial in the instant case did not affect the finality of the denial of the motion for judgment notwithstanding the verdict, so that the appeal period began to run on the date the order was made. *D'Annolfo,* however, involved an order allowing a motion for judgment n.o.v. and conditionally allowing a new trial motion. We stated merely that the conditional nature of the new trial order did not hamper the finality of the entry of judgment n.o.v., and immediate appeal of the latter properly was taken by the verdict winner. That was a situation different from the one with which the court is now confronted.

[8] Effective July 1, 1985, the first paragraph of Mass. R. A. P. 4 (a) has been amended in respects not pertinent to the case at bar.

by any party within sixty days of such entry." Therefore, the timeliness of the defendants' notice of appeal of September 7 depends on whether the MBTA is an agency of the Commonwealth for purposes of rule 4, as the defendants maintain.

General Laws c. 161A, § 2, inserted by St. 1964, c. 563, § 18, created the MBTA as "a body politic and corporate and a political subdivision of the commonwealth" composed of the territory within and inhabitants of seventy-eight designated cities and towns. By the terms of its enabling legislation, the MBTA is an entity financially independent from the Commonwealth with a separate corporate existence. *Kargman* v. *Boston Water & Sewer Comm'n,* 18 Mass. App. Ct. 51, 56-57, 57 n.7 (1984). It may, without consent of or control by the Commonwealth: fix, charge, and collect revenues from projects under its control; issue bonds; sue and be sued in its own name; acquire, hold, and dispose of real and personal property; make contracts; engage employees and agents; and exercise the power of eminent domain. *Id.* G. L. c. 161A, §§ 2, 3, 4 (*b*), 5, 23 (1984 ed.). The MBTA enjoys considerable political autonomy as well. *Kargman, supra* at 57.

There is a distinction between the Commonwealth and its agencies on the one hand and political subdivisions of the Commonwealth on the other. It appears to us that the MBTA is an independent political entity and not an agency of the Commonwealth within the meaning of rule 4.[9] The defendants argue that, despite the language of G. L. c. 161A, § 2, the MBTA is an instrumentality of the Commonwealth rather than a unit of local government. In support of their assertion, the defendants cite two statutes claimed to define as State agencies entities such as the MBTA.[10] We think it more telling to look to

___

[9] By virtue of its designated status as a political subdivision of the Commonwealth and the powers with which it is vested, the MBTA has been likened to a regional school district. See *Massachusetts Bay Transp. Auth.* v. *Boston Safe Deposit & Trust Co.,* 348 Mass. 538, 543 (1965). We think the comparison an apt one, at least for purposes of determining whether · the MBTA is an agency of the Commonwealth within the meaning of rule 4 (a). See *Fergione* v. *Minuteman Regional Vocational Technical School Dist., post* 1015 (1986).

[10] The defendants misconstrue one of the statutes, G. L. c. 6A, § 19 (1984 ed.), which states in relevant part: "The following state agencies are

the purpose behind the provision at issue in rule 4 (a) in order to determine whether the MBTA falls within its purview.

Rule 4 (a) was modeled after the cognate Federal rule, Fed. R. App. P. 4 (a), which contains a clause providing for a sixty, rather than thirty-day appeal period where the United States, or an officer or agency thereof, is a party to the civil litigation. This enlarged appeal period was thought to be justified by the necessity in those instances for "routing the case to various government officials before it can be determined that it is one that should be appealed. Since it was felt that it would be unjust to allow additional time to the United States while denying it to other parties in the case, the rule gives all parties sixty days" (footnote omitted). 9 Moore's Federal Practice par. 204.10 (2d ed. 1985).

With regard to civil practice in Massachusetts, this rationale for the sixty-day provision in rule 4 (a) is somewhat less persuasive. Here, the Attorney General has complete control from the outset of most civil cases involving the Commonwealth and its agencies, see G. L. c. 12, § 3 (1984 ed.), and the final decision whether to take an appeal from an unfavorable judgment is generally his alone. We assume that the Attorney General ordinarily consults with interested State agencies, however, before making that decision in a given case. Providing

hereby declared to be within the executive office of transportation and construction: the department of public works . . . . The Massachusetts Bay Transportation Authority . . . shall also be within the executive office of transportation and construction." By listing various "state agencies" within the executive office in the first sentence of § 19, while listing the MBTA as "also" within that office, the implication arises that the draftsmen did not regard the MBTA as a State agency. The defendants seek unconvincingly to draw a contrary inference from the statutory language.

The defendants also cite the State Administrative Procedure Act, G. L. c. 30A, § 1 (1984 ed.), which defines as a State agency "any department, board, commission, division or *authority of the state government*" (emphasis added). It is not apparent, though, that by use of the word "authority" in this definition the drafters intended to embrace public authorities such as the MBTA. Arguably the word was inserted to cover any State agency not called a "department, board, commission, [or] division," such as the Registry of Motor Vehicles. In any event, the classifications made in those statutes are not conclusive as to whether the MBTA is a State agency under Mass. R. A. P. 4 (a).

an extended appeal period encourages this sort of desirable collaboration which might otherwise be precluded by the more constraining time limitations ordinarily applicable.

·The MBTA, unlike most State agencies, has its own autonomous legal staff which represents it in all cases in which it is involved, including the one at bar.[11] Moreover, the office of the MBTA's general counsel is not answerable to the Attorney General regarding the conduct of its litigation, but instead operates much like a private corporation. Thus, there is no reason for applying the sixty-day appeal period provision of rule 4 (a) to the MBTA.

Because, as we have determined, the MBTA is not a State agency within the meaning of rule 4 (a), the defendants were required to file notice of appeal within thirty days of July 12, 1984, the day after the effective date of the order denying their alternative motions for judgment notwithstanding the verdict, or for a new trial. They failed to do so. Accordingly, we hold that this appeal must be dismissed. See *Fergione* v. *Minuteman Regional Vocational Technical School Dist., post* 1015 (1986) · (appeal dismissed for failure to file timely notice of appeal under rule 4 [a]); *Mood* v. *Kilgore,* 384 Mass. 459, 465 (1981) (same); *Boat Mondego, Inc.* v. *Fulham Bros.,* 6 Mass. App. Ct. 958 (1978) (same). Since in no way can Stephens be viewed as a State officer, his appeal also is to be dismissed.

The appeals are dismissed. The judgments for the plaintiff will stand as against Stephens for $40,000 plus interest and costs, and as against the MBTA for $150,000 plus interest and costs. The plaintiff also is to have the costs of these appeals.

*So ordered.*

---

[11] We do not suggest that a State agency may not be represented by its own staff counsel if the sixty-day provision for filing notice of appeal is to apply.