SUPERIOR COURT 
 
 WASHINGTON PEARSON vs. CITY OF LYNN

 
 Docket:
 1477CV00549-D
 
 
 Dates:
 February 11, 2020
 
 
 Present:
 /s/ Jeffrey T. Karp Associate Justice, Superior Court
 
 
 County:
 ESSEX, ss.
 

 
 Keywords:
 MEMORANDUM OF DECISION AND ORDER ON DEFENDANT CITY OF LYNN'S RENEWED MOTION FOR SUMMARY JUDGMENT (Paper No. 58) 
 
 

             In this action, plaintiff Washington Pearson ("Pearson") alleges that officers of the Lynn Police Department acted negligently on February 9, 2012, when assisting officers of the Brookline Police Department in arresting him inside his home in Lynn.
            On February 6, 2020, the parties were before the Court for a hearing on Defendant City Of Lynn's Renewed Motion For Summary Judgment And/Or Renewed Motion For Reconsideration On Its Motion To Dismiss (Paper No. 58) ("Motion"). Defendant City of Lynn ("City") asserts that summary judgment on its behalf must enter because Pearson failed to make presentment of his claim on the proper designated individual required by the Massachusetts Tort Claims Act at G.L. c. 258, § 1, et. seq. ("MTCA"). The Court agrees.
            As such, as is more fully discussed below, the Motion is ALLOWED.
                                                            Page 1 of 10
PROCEDURAL HISTORY 
            A discussion of the procedural history of this matter is warranted under the circumstances.
            On April 1, 2014, Pearson, pro se, filed the Complaint in this case, naming the City and nine specific members of the City's Police Department as putative defendants. (Paper No. 1).
            On July 18, 2018, the parties were before the Court (J. Tabit) for a hearing on the City's motion for summary judgment. In a thoughtful and well-reasoned Memorandum Of Decision, Judge Tabit allowed the City's motion for summary judgment due to Pearson's failure to comply with the presentment requirement set forth in G.L. c. 258, § 4. However, Judge Tabit granted Pearson 120 days "in which to file a motion for reconsideration, if [Pearson] is able to submit proof of presentment to the court." (Memorandum Of Decision at Paper No. 44). With respect to the individual police officers named as defendants in the Complaint, Judge Tabit ruled, "[t]here is no dispute that the police officers [named as defendants in the complaint] were never served at their last and usual place of residence, and no attorney has filed an appearance on the police officer's individual behalf." (Paper No. 44)[1]
---------------------------
[1]Pearson argues that the Motion should be denied as duplicative of the motion for summary judgment previously filed by the City and ruled upon by Judge Tabit. (See Paper No. 44). Pearson also argues that the Motion should be denied as "untimely." Further, at the hearing, Pearson cited "Superior Court Rule 83" in support of these arguments. However, there is no such Rule.
The Court generally agrees that the filing of repetitive and untimely motions may be a basis to deny the Motion. However, the unique procedural history of this case overcomes the Court's reticence to rule on the merits of the Motion (i.e., Pearson was granted the opportunity to cure his failure to establish the condition precedent of proper presentment under the MTCA). To be sure, "[b]ecause proper presentment is a condition precedent, [Mass.R.Civ.P. 9(c)] requires the plaintiff to plead performance of the condition in his complaint." Rodriquez v. City of Somerville, 472 Mass. 1008, 1010 n.3 (2015). Here, Pearson failed to plead performance of the condition precedent in the Complaint and the Amended Complaint. "If the complaint contains no general averment of performance of conditions precedent, the defendant is under no obligation to deny the nonexistent averment 'specifically and with particularity,' Mass. R. Civ. P. 9 (c), but may raise the issue at any time before or during trial." Vasys v. Metropolitan Dist. Corn., 387 Mass. 51, 55 (1982) (emphasis added). Moreover, the Motion was filed in response to the filing of the Amended Complaint.
                                                            Page 2 of 10
            On January 30, 2019, Pearson filed Plaintiffs Affidavit In Support Of Presentment Notification (Paper No. 47.2) ("Affidavit").
            Also on January 30, 2019, Pearson filed Plaintiffs Motion To Amend Complaint And Defendants (Paper No. 47), in which he sought leave to amend the Complaint and add additional defendants. On March 14, 2019, the Court (J. Lu) denied Pearson's request to "add unserved parties," but otherwise granted Pearson leave to file an amended complaint within 60 days. (See endorsement on Paper No. 47).
            On October 8, 2019, after hearing, this Court formerly accepted for filing Plaintiff's Amended Complaint And Request For Jury Trial ("Amended Complaint") (Paper No. 52).[2] Although the Amended Complaint names the City and numerous individual police officers in their personal capacities, this Court ruled that the individual police officers were never properly served with Pearson's original Complaint and, thus, they should not have been named as defendants in the Amended Complaint.[3] Therefore, the City remains the only defendant in this matter.
---------------------------
[2] Pearson filed the Amended Complaint on January 30, 2019, at the same time as he filed his motion to amend.
[3] Service of an individual must be done "by delivering a copy of the summons and of the complaint to him personally; or by leaving copies thereof at his last and usual place of abode." Mass.R.Civ.P. 4(d)(1). Moreover, service must be made within 90 days after filing the complaint or the action "shall be dismissed. . . ." Mass.R.Civ.P. 4(j). Here, the Complaint was filed on April 1, 2014. On June 5, 2014, Pearson filed the summonses with the following notation in the returns of service for the individual defendants: "on 6/2/2014 . . . by leaving at the last and usual place of abode of officers, Lynn Police Department, 300 Washington Street, Lynn, MA 01901." See Paper Nos. 6 to 15. Thus, the individual officers were served at their place of work and not their "last and usual place of abode," as required.
                                                            Page 3 of 10
            Also on October 8, 2019, this Court conducted a hearing on Defendant City Of Lynn's Motion To Dismiss (Paper No. 51) ("Motion To Dismiss"). Like in the Motion presently before the Court, the City asserted that this matter must be dismissed because Pearson failed to make presentment of his claim on the proper individual pursuant to the MTCA. Applying the forgiving standards of Mass.R.Civ.P. 12(b)(6), this Court denied the Motion To Dismiss, ruling that Pearson presented his claim to "the City of Lynn's law department" (i.e., "city solicitor"), which, "shall be deemed sufficient" under the MTCA. G.L. c. 258, § 4. (See Memorandum of Decision at Paper No. 53).
            The trial of this matter is scheduled to commence on May 18, 2020. Meanwhile, the City filed the Motion (and Pearson filed an opposition) on January 24, 2020.[4]
BACKGROUND
            The summary judgment record before the Court consists of the Affidavit, the Complaint, the Amended Complaint, the City's answers thereto, and the Barry Affidavit.[5]
---------------------------
[4] As stated at the hearing, the Court will treat the Motion as a second motion for summary judgment. Further, so much of the Motion that seeks reconsideration of this Court's denial of the Motion To Dismiss is DENIED because reconsideration is not appropriate given the City has submitted the Affidavit of Michael J. Barry, Former City Solicitor (Paper No. 58.3) ("Barry Affidavit"), something not before the Court when deciding the Motion To Dismiss. See Commonwealth v. Demirtshvan, 87 Mass. App. Ct. 737, 741 n. 8 (2015) ("[S]imply because a motion is cast as a motion for reconsideration does not mean that it qualifies as a motion for reconsideration. A genuine motion for reconsideration must be based on (1) a change in circumstances 'such as (a) newly discovered evidence or information, or (b) a development of relevant law; or (2) a particular and demonstrable error in the original ruling or decision.' A motion that simply requests that a judge revisit a decision made previously under the guise of exercising discretion is not a genuine motion for reconsideration.") (internal citation omitted).
[5] Person argued at the hearing that the Motion should be denied because the City failed to comply with the requirement of Superior Court Rule 9A that the moving party file a joint appendix of exhibits. See Superior Court Rule 9A(b)(5)(v). Here, there was no practical need for a Joint Appendix given that the City filed a single exhibit (i.e., Barry Affidavit) in support of the Motion and Pearson had an opportunity to file his own exhibits. Moreover, the requirements of Rule 9A are relaxed during litigation, such as this, involving an incarcerated party. See Superior Court Rule 9A(d)(2).
                                                            Page 4 of 10
            Michael J. Barry ("Barry"), the affiant of the Barry Affidavit, is the City's former city solicitor. (Barry Affidavit at Paper No. 58.3, ¶1). Barry served as city solicitor during 2012 through 2014. (Id., ¶2). He did not receive a purported written presentment from Pearson during that period. (Id.). Barry did receive the Complaint, which, as stated, was filed on April 1, 2014. (Id., ¶7).
            According to the Affidavit,
6.. . . [T]he plaintiff did not send a presentment letter per se but he did file a notice of his intentions of seeking a civil complaint with Lynn police department['s] Captain, and the Attorney General[']s Office and with the City of Lynn's Law department in 2013. . . .
7. After there was no response within (six months) from any of the aforementioned places the intentioned letter[]s went to[]. The plaintiff went forward with the filing of the present civil case that was filed . . . [on] 4-1-14.
8. . . . The plaintiff did send all applicable documents to Salem Superior Court [when he filed suit,] including his notice [described] above.[6]
Affidavit at Paper No. 47.2, ¶¶6 — 8 (emphasis added).
            Pearson lost the copy of the notice he retained while in custody at Dedham House of Correction. (Id., ¶10). Moreover, at the hearing, Pearson conceded that he sent the "notice" to the City's law department, in general, rather than the city solicitor. The city solicitor and law department apparently share the same address.
DISCUSSION
            A. Summary Judgment Standard 
            A motion for summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and responses to requests for admission under Rule 36,
---------------------------
[6] Neither the Court's file contains a copy of any such "notice," nor do the Docket Entries reflect the filing thereof.
                                                            Page 5 of 10
together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Mass. R. Civ. P. 56(c).
            "The moving party has the burden of demonstrating affirmatively the absence of a genuine issue of material fact on every relevant issue, regardless of who would have the burden on that issue at trial." Arcidi v. NAGE, Inc., 447 Mass. 616, 619 (2006). The party opposing summary judgment must respond and allege specific facts establishing the existence of a genuine issue of material fact for trial. Polaroid Corp. v. Rollins Envtl.  Servs. (N.J.), Inc., 416 Mass. 684, 696 (1993). Moreover, "pin deciding a motion for summary judgment, the motion judge must consider all factual allegations, and draw all reasonable inferences therefrom, in favor of the nonmoving party." Godfrey v. Globe  Newspaper Co., Inc., 457 Mass. 113, 119 (2010); see also Willitts v. Roman Catholic  Archbishop of Boston, 411 Mass. 202, 202 (1991) (any conflicts in the supporting materials are answered in favor of the non-movant). However, although the Court views the evidence in the light most favorable to the non-moving party, it does not weigh evidence, assess credibility, or find facts. Drakopoulos v. United States Bank Nat'l  Ass'n, 465 Mass. 775, 788 (2013), quoting O'Connor v. Redstone, 452 Mass. 537, 550 (2008).
            B. Overview Of Presentment Requirement 
            "Before any civil action for damages may be brought against a [municipality], the claimant must present his claim to the [municipality]'s executive officer; only if the claim is denied, or if the executive officer fails to deny the claim within six months of its presentment, may the claimant file a civil suit. The claimant must present his claim to
                                                            Page 6 of 10
the executive officer 'within two years after the date upon which the cause of action arose." Pruner v. Clerk of Superior Court, 382 Mass. 309, 315 (1981) (quoting G.L. c. 258, § 4). "Presentment is the presentation of a claim in writing." Daveiqa v. Boston  Pub. Health Comm'n, 449 Mass. 434, 435 n.1 (2007) (citation omitted).
            "The purpose of the presentment requirement is to 'ensure[] that the responsible public official receives notice of the claim so that that official can investigate to determine whether or not a claim is valid, preclude payment of inflated or nonmeritorious claims, settle valid claims expeditiously, and take steps to ensure that similar claims will not be brought in the future." Rodriquez v. City of Somerville, 472 Mass. 1008, 1010 - 1011 (2015) (citations omitted).
            C. Pearson Failed To Serve The Proper City Official With The Presentment 
            The City's argues that summary judgment of dismissal should enter on the Amended Complaint because Pearson failed to present notice of his claim to the proper designated City official as required by Section 4 of the MTCA. The Court agrees.
Section 4 states, in pertinent part:
A civil action shall not be instituted against a public employer on a claim for damages under this chapter unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose, and such claim shall have been finally denied by such executive officer in writing.
            . . . 
Notwithstanding the provisions of the preceding paragraph, in the case of a city or town, presentment of a claim pursuant to this section shall be deemed sufficient if presented to any of the following: mayor, city manager, town manager, corporation counsel, city solicitor, town counsel, city clerk, town clerk, chairman of the board of selectmen, or executive secretary of the board of selectmen[.]
G.L. c. 258, § 4 (emphasis added).
                                                            Page 7 of 10
            "The [MTCA] contains a requirement of presentment, that is, it requires that a particular person be given written notice of a claim before initiation of suit." Daveiqa, 449 Mass. at 435. Further, presentment must be made in strict compliance with the MTCA. See Estate of Gavin v. Tewksbury State Hosp., 468 Mass. 123, 133 (2014) (citing cases requiring strict compliance with the requirement that presentment be made to the officials enumerated in the MTCA).
            To be sure, "[a]n oft-recited proposition is that presentment must be made 'in strict compliance with the statute.' . . . However, close scrutiny discloses that the 'strict compliance' precept is concerned more with whether presentment has been made to the proper executive officer (proper party noticed) in a timely fashion (timeliness) than with the content of the presentment (adequacy of content)." Martin v. Commonwealth, 53 Mass. App. Ct. 526, 528 — 529 (2002) (citations omitted) (original emphasis).
            "The Act requires presentment to the official who has the authority to settle a claim before suit is instituted. . . . Thus, without an actual presentment made in strict compliance with the statute, the executive officer with the authority to settle a claim could not be assured of an adequate opportunity to investigate the circumstances surrounding that claim in order to determine whether an offer of settlement should be made." Weaver v. Commonwealth, 387 Mass. 43, 47 (1982) (internal citation omitted); see also Estate of Gavin, 468 Mass. at 133 ("presentment to the appropriate executive officer is critical. . . ") (citing Weaver, 387 Mass. 43, 47 (1982)).
            Here, "the defendant established that there [i]s no genuine issue of material fact that [the city solicitor] had not been provided with and had not acted upon the plaintiffs presentment letter. Once the defendant established this, it was the plaintiffs burden to
                                                            Page 8 of 10
produce evidence from which a conclusion that [the city solicitor] had actual knowledge of the claim could be drawn, and this []he did not do." Bellanti v. Boston Pub. Health  Comm'n, 70 Mass. App. Ct. 401, 407 — 408 (2007) (citation omitted).[7]
            Finally, no exception applies in this case that would allow the case to "go forward even if notice was not given to the designated executive officer [as required by § 4]." Id. at 406. "[T]here are two recognized exceptions under which a claim may go forward" in such an instance: the "lulling" exception and the "actual notice" exception. Id. at 406 — 407 (citations omitted). Here, there is no record evidence, and Pearson does not argue, that he "was led to believe that presentment would not be an issue in the case" (for the "lulling" exception to apply) or that "the designated executive officer had actual notice of the written claim" (for the "actual notice" exception to apply). Id. (citations omitted).[8]
---------------------------
[7] When considering the Motion To Dismiss, this Court "rule[d] that Pearson presented his claim to 'the City of Lynn's law department' (i.e., 'city solicitor'), which, . . . 'shall be deemed sufficient' under the MTCA. G.L. c. 258, § 4." (Paper No. 53). Upon reflection, this Court erred in making this ruling, even when applying the generous standards of Rule 12(b)(6), because, as stated, the MTCA "requires that a particular person be given written notice of a claim before initiation of suit." Daveiqa, 449 Mass. at 435; see e.g., Daveiqa, 449 Mass. at 439 ("[P]resentment to the mayor of Boston does not satisfy the requirements of G. L. c. 258, § 4," in a case where plaintiff sued the Boston Public Health Commission, a legally distinct entity.); Weaver, 387 Mass. at 47 - 48 (affirming allowance of motion to dismiss where presentment was served on Commissioner of Mental Health and on the administrator of Westborough State Hospital, rather than the Secretary of Human Services); Bellanti, 70 Mass. App. Ct. at 402 (affirming summary judgment on behalf of defendant where plaintiff "sent timely letters to the mayor of the city of Boston, the deputy superintendent of Boston EMS, and to the [Boston Public Health] [C]ommission, generally, without identifying a particular recipient," and the MTCA required service of the presentment on the executive director of the Boston Public Health Commission) (emphasis added).
[8] It is not possible for Pearson to provide timely presentment now because more than two years has passed since his alleged cause of action arose. Magliacane v. Gardner, 483 Mass. 842, 850 (2020) (stating presentment must be accomplished "within two years after the date upon which the cause of action arose-) (quoting G. L. C. 258, § 4).
                                                            Page 9 of 10
As such, the Motion is ALLOWED.[9]
ORDER
            For the above reasons, Defendant City Of Lynn's Renewed Motion For Summary Judgment And/Or Renewed Motion For Reconsideration On Its Motion To Dismiss (Paper No. 58) is ALLOWED and the Amended Complaint is HEREBY DISMISSED.

---------------------------
[9] Pearson argued at the hearing that the City's counsel, who filed a Notice of Withdrawal in August 2017 (Paper No. 25) and failed to file a Notice of Appearance thereafter, should not be allowed to bring the Motion on behalf of the City, and the Motion should, thus, be denied with prejudice. In support of his argument, Pearson cited Mass.R.Civ.P. 11(b); the Massachusetts Rules of Professional Conduct; G.L. c. 211, § 46; and, G.L. c. 221, § 46A. However, "Mlle filing of any pleading, motion, or other paper shall constitute an appearance by the attorney who signs it, unless the paper states otherwise." Mass.R.Civ.P. 11(b)(1). Therefore, the City's counsel was not required to file a separate Notice of Appearance and he properly appeared as counsel for the City even after he filed the Notice of Withdrawal.
                                                            Page 10 of 10

xxz