NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-5

ANA NATAL

vs.

WEST SPRINGFIELD HOUSING AUTHORITY & others.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

Defendant West Springfield Housing Authority appeals from an order of the Hampden Superior Court denying its motion for summary judgment pursuant to Mass. R. Civ. P. 56, 365 Mass. 824 (1974).[2] The defendant asserted that the plaintiff had failed to establish that she properly delivered a letter of presentment to the defendant pursuant to G. L. c. 258, § 4.[3] We affirm.

A motion for summary judgment under Mass. R. Civ. P. 56 (c), as amended, 436 Mass. 1404 (2002), is appropriate where "the moving party . . . 'show[s] that there is no genuine issue

---

[1] John Does 1-5.

[2] This otherwise interlocutory order on the issue of presentment is immediately appealable under the doctrine of present execution. See Rodriguez v. Somerville, 472 Mass. 1008, 1009-1010 (2015); Daveiga v. Boston Pub. Health Comm'n, 449 Mass. 434, 435 n.2 (2007).

[3] The plaintiff has not filed a brief in this appeal.

as to any material fact and that the moving party is entitled to a judgment as a matter of law' based on the undisputed facts." Premier Capital, LLC v. KMZ, Inc., 464 Mass. 467, 474 (2013), quoting Mass. R. Civ. P. 56 (c). We review the denial of a motion for summary judgment de novo. DeGiacomo v. Quincy, 476 Mass. 38, 41 (2016), citing Miller v. Cotter, 448 Mass. 671, 676 (2007).

Here, in support of its motion for summary judgment, the defendant submitted an affidavit of the executive director denying receipt of any letter of presentment. The plaintiff presented evidence of presentment through affidavits from a managing attorney, manager of paralegals, senior paralegal, and receptionist of the law firm representing her in the action. Those affidavits asserted that a presentment letter was prepared and properly mailed on June 20, 2019. The motion judge held that the issue of presentment:

> "[could] not be resolved by way of summary judgment, based upon the conflicting affidavits, and since the posting of a letter by ordinary first class mail, properly addressed to a party at his place of business, is prima facie evidence that the correspondence was received in the ordinary course of the mails."

We discern no error in the judge's order denying summary judgment.

While the plaintiff did not offer an affidavit from the paralegal who mailed the letter, she produced a copy of the

2

presentment letter and sufficient evidence based on the affiants' personal knowledge of the file management and mailing practices of the law firm to create a dispute of fact about whether a presentment letter was mailed to the defendant. See Adams v. Schneider Elec. USA, 492 Mass. 271, 290 (2023) (circumstantial evidence sufficient to establish dispute of fact and defeat motion for summary judgment). The defendant argues that it was not enough for the plaintiff to establish that she mailed a presentment letter; rather, that she must establish that it was received.

The defendant's reliance on Drake v. Leicester, 484 Mass. 198 (2020), to contend that the mailbox rule does not apply to letters of presentment is misplaced. In that case, the letter was placed in the mail on the last day of the statutory period for presentment. Id. at 202. Accordingly, it was not received by the proper official until after the statutory period had passed. It was within that context that the Supreme Judicial Court wrote, "[p]lacing the presentment letter in the mail, certified or otherwise, does not constitute proper presentment under G. L. c. 258, § 4, as that act alone would not provide the proper executive officer the opportunity to observe the letter." Id. at 200. That is not the case here. In the light most favorable to the nonmoving party, the plaintiff, the presentment

3

letter was mailed months before the statutory two-year presentment period expired.[4]

The long-standing common-law presumption is that "[t]he depositing in the post-office of a letter properly addressed, with the postage prepaid, is prima facie evidence that the person to whom it was addressed received it."  Briggs v. Hervey, 130 Mass. 186, 188 (1881).  See Commonwealth v. Crosscup, 369 Mass. 228, 239 (1975) ("Proper mailing of a letter is 'prima facie evidence' in civil cases of its receipt by the addressee"); Hobart-Farrell Plumbing & Heating Co. v. Klayman, 302 Mass. 508, 509 (1939) ("The mailing of a letter properly addressed and postpaid does not merely create a presumption but rather constitutes prima facie evidence of delivery to the addressee" [citations omitted]).

The fact that the defendant denies receiving the letter presents a question of credibility for a trier of fact.  Shawmut Worcester County Bank, N.A. v. Miller, 398 Mass. 273, 281 (1986) (on summary judgment, "court does not pass upon the credibility of witnesses or the weight of the evidence [or] make [its] own decision of facts" [quotation and citation omitted]); First

---

[4] The alleged injury occurred on or about February 6, 2018.  The affidavits submitted by the plaintiff in opposition to the motion for summary judgment were prima facie evidence that the presentment letter was mailed on or about June 20, 2019, which is months before the end of two-year presentment period.

4

Nat'l Bank of Boston v. Sheridan, 285 Mass. 338, 339 (1934) ("Whether such prima facie evidence has been overcome and whether the affirmative defence has been made out so as to rebut the otherwise conclusive effect of the prima facie case can rarely be ruled as matter of law.  It is in most instances a question of fact").

Order denying motion for summary judgment affirmed.

By the Court (Henry, D'Angelo & Hodgens, JJ.[5]),

Assistant Clerk

Entered:  March 1, 2024.

---

[5] The panelists are listed in order of seniority.