# DECISIONS

## OF THE

## APPEALS COURT

### OF

## MASSACHUSETTS

RODRIGO RODRIGUEZ[1] *vs.* CITY OF SOMERVILLE.

No. 13-P-1422.

Middlesex. May 5, 2014. - July 1, 2014.

Present: GRASSO, GRAINGER, & MILKEY, JJ.

Further appellate review granted, 470 Mass. 1101 (2014).

*Massachusetts Tort Claims Act. Practice, Civil,* Presentment of claim under Massachusetts Tort Claims Act, Interlocutory appeal. *Municipal Corporations,* Governmental immunity, Liability for tort. *Notice,* Claim under Massachusetts Tort Claims Act.

This court concluded that the doctrine of present execution did not apply to the denial of a motion to dismiss alleging inadequate presentment under the Massachusetts Tort Claims Act, G. L. c. 258, § 4, given that the presentment requirement is a condition precedent imposed on a claimant that may be waived by the public employer (rather than an immunity from suit preserved to the public employer). [3-7]

CIVIL ACTION commenced in the Superior Court Department on March 29, 2013.

A motion to dismiss was heard by *Dennis J. Curran,* J.

*Jason D. Grossfield,* Assistant City Solicitor, for the defendant.

---

[1]By his father and next friend, Edgar Rodriguez.

*Stephen M. Born* for the plaintiff.

GRASSO, J. In this appeal, we consider whether the doctrine of present execution applies to, and renders immediately appealable, the denial of a motion to dismiss that alleges inadequate presentment under the Massachusetts Tort Claims Act (Act). See G. L. c. 258, § 4, as amended through St. 1989, c. 161. We conclude that the doctrine of present execution does not apply in such circumstances. The presentment requirement imposed on a tort claimant under the Act is not an immunity from suit preserved to the public employer, such as is contained in other provisions of the Act. See G. L. c. 258, § 10. Rather, presentment is a condition precedent imposed on a claimant that may be waived by the public employer. Accordingly, we dismiss the appeal of the city of Somerville (city).

*Background.* On April 14, 2011, Rodrigo Rodriguez, a second grade student at the Argenziano School in Somerville, was injured when a metal door frame fell off the front door of the school and struck him in the head. On May 11, 2011, an attorney representing the minor and his parent and next friend, Edgar Rodriguez, sent a letter to the mayor of Somerville,[2] the contents of which are discussed briefly below.

On March 29, 2013, Edgar Rodriguez filed suit against the city on behalf of his son, alleging negligence. Among its other allegations, the complaint asserted that "[t]imely and proper presentment was made to City of Somerville pursuant to Massachusetts General Laws Chapter 258, section 4." Prior to answering, the city moved to dismiss the complaint pursuant to Mass.R.Civ.P. 12(b) (6), 365 Mass. 754 (1974), alleging that the attorney's letter was an insufficient presentment under the Act.[3]

After hearing, a judge of the Superior Court denied the city's motion, concluding that the attorney's letter "was hardly a model of precision," but satisfied the essentials of the presentment requirement. The judge noted that the letter "identifies the claimant, was sent to a proper official at the city, details the location of the incident," and informs the recipient that the law firm was representing the child with regard to injuries he sustained when the metal door frame fell off and struck him on the head as he was

---

[2]The letter failed to reference G. L. c. 258 or state that it was a "presentment letter," failed to identify the negligent acts involved, and failed to make a demand or invite further discussion.

[3]Nothing in the city's motion to dismiss was cast as a defense of immunity under G. L. c. 258, § 10.

exiting the school. The judge reasoned that "[t]he basis for the legal claim is obvious: metal frames should not fall off a school house door and strike children in the head. The city cannot plausibly state it did not know what the child's claim was about. It is further obvious that the talismanic word 'negligence' need not be employed; this is obvious from the facts alleged."

The city appealed, asserting that the order is "immediately appealable under the doctrine of present execution." Simultaneous with its appeal, the city answered the complaint. In its answer, the city asserted numerous affirmative defenses, but none specifically challenged improper presentment.[4]

*Discussion.* As a general rule, an aggrieved litigant cannot pursue an immediate appeal from an interlocutory order unless authorized by rule or statute. See *Ruggiero* v. *Giamarco*, 73 Mass. App. Ct. 743, 746-747 (2009). "The policy underlying this rule is that a party ought not to have the power to interrupt the progress of the litigation by piecemeal appeals that cause delay and often waste judicial effort in deciding questions that will turn out to be unimportant." *Fabre* v. *Walton*, 436 Mass. 517, 521 (2002) (citation omitted). The denial of the city's motion to dismiss is an interlocutory ruling that ordinarily would not be immediately appealable until the ultimate disposition of the case because it is not a final order. See *Brum* v. *Dartmouth*, 428 Mass. 684, 687 (1999).

"The doctrine of present execution is a limited exception to the finality rule. It permits the immediate appeal from an interlocutory order if the order will interfere with rights in a way that cannot be remedied on appeal from a final judgment." *Kent* v. *Commonwealth*, 437 Mass. 312, 315 n.6 (2002). See *Fabre* v. *Walton*, 436 Mass. at 521. Such an interference arises when the motion to dismiss is based on a claim of "immunity from suit[, which] would be 'lost forever' if an order denying it were not appealable until the close of litigation." *Brum* v. *Dartmouth*, 428 Mass. at 688. For that reason, a denial of a motion to dismiss based on a claim of immunity meets the criteria of the rule of present execution. See *ibid; Kent* v. *Commonwealth, supra* at 317

---

[4]The city's affirmative defenses include, inter alia:

"FOURTEENTH DEFENSE. The defendant is not liable pursuant to the immunities set forth in G. L. c. 258, § 10.

"FIFTEENTH DEFENSE. The plaintiff failed to give the defendant proper notice of his injuries and claims as required by law, and his action is therefore, barred."

(denial of claim of immunity appealable by public employer on interlocutory basis as matter of right); *Shapiro* v. *Worcester*, 464 Mass. 261, 264 (2013).

The question put to us by the city's appeal is whether the denial of a motion to dismiss predicated on an assertion of improper presentment is immediately appealable as of right under the doctrine of present execution as would be the case with a defense based on a claim of immunity under § 10 of the Act. We hold that it is not. As noted earlier, presentment is a condition precedent to suit imposed on a claimant under the Act, not an immunity extended to the public employer, the benefit of which would be lost forever were the question not resolved until the close of litigation. See *Vasys* v. *Metropolitan Dist. Commn.*, 387 Mass. 51, 52 (1982). See generally *Estate of Gavin* v. *Tewksbury State Hosp.*, 468 Mass. 123 (2014).

As a condition precedent, lack of presentment is an affirmative defense that may be waived by the public employer. See Mass.R.Civ.P. 8(c), 365 Mass. 749 (1974).[5] Where, as here, the plaintiff avers in the complaint that all statutory conditions precedent to recovery have been met, the defendant must deny that averment " 'specifically and with particularity,' (Mass.R.Civ.P. 9[c] [, 365 Mass. 751 (1974)]), or defective presentment is not an issue in the case." *Vasys* v. *Metropolitan Dist. Commn.*, 387 Mass. at 52. "If . . . the defendant fails to deny the averment of performance [of presentment] specifically and with particularity, it will be barred from raising the issue at a later date." *Id.* at 56. See *G & B Assocs.* v. *Springfield*, 39 Mass. App. Ct. 51, 55-56 (1995) (failure to plead lack of presentment with specificity waived defense of insufficient presentment); *Martin* v. *Commonwealth*, 53 Mass. App. Ct. 526, 532 n.4 (2002).[6]

---

[5]Lack of presentment may also be excused or deemed satisfied in certain circumstances. The "lulling" exception estops the public employer from asserting any defect in presentment if its actions or conduct lull the plaintiff into believing presentment will not be an issue. See *Bellanti* v. *Boston Pub. Health Commn.*, 70 Mass. App. Ct. 401, 406-407 (2007), and cases cited. The "actual notice" exception treats presentment as fulfilled when, despite defective presentment, the plaintiff can show that the designated executive officer had actual notice of the written claim. See *Lopez* v. *Lynn Hous. Authy.*, 440 Mass. 1029, 1030 (2003).

[6]The procedural posture here would be somewhat different had Rodriguez's complaint made no general averment of performance of conditions precedent. In that circumstance, once the time had elapsed during which presentment properly could have been made, his complaint would have been subject to dismissal on

In arguing that the doctrine of present execution applies to the denial of a motion to dismiss alleging inadequate presentment, the city points to *Daveiga* v. *Boston Pub. Health Commn.*, 449 Mass. 434 (2007). We believe such reliance to be misplaced. Nor is *Bellanti* v. *Boston Pub. Health Commn.*, 70 Mass. App. Ct. 401, 404-406 (2007), to the contrary. Close examination of those cases makes clear that for purposes of the present execution rule, a dispute as to presentment is not equivalent to a dispute as to immunity.

In the *Daveiga* case, *supra*, a Superior Court judge denied the public employer's motion to dismiss alleging improper presentment. A single justice of this court allowed immediate appeal of that order, and without analysis of the present execution question, a panel of this court resolved the merits of the public employer's claim of defective presentment and ordered the complaint dismissed. See *Daveiga* v. *Boston Pub. Health Commn.*, 66 Mass. App. Ct. 1104 (2006) (*Daveiga I*), *S.C.*, 449 Mass. 434 (2007) (*Daveiga II*). On further appellate review, the Supreme Judicial Court agreed that presentment had been insufficient, and ordered that the complaint be dismissed. See *Daveiga II, supra* at 443.

Contrary to the city's contention, the Supreme Judicial Court's decision in *Daveiga II* did not extend the immunity-based rule of *Brum* v. *Dartmouth* to include in the limited class of rulings that are immediately appealable under the doctrine of present execution the denial of a motion to dismiss grounded in improper presentment. We view the footnote[7] in *Daveiga II* on which the city bases its argument not as a broadening of the immunity-based rationale for the present execution rule but as nothing more than a historical recitation of the case's progression through the appellate system. See note 7, *supra*. Indeed, by deciding the appeal in *Daveiga II*, the Supreme Judicial Court did no more than perform its unique role of providing definitive guidance on a novel question of law: the proper person to whom presentment

a motion under rule 12(b)(6) for failure to state a claim upon which relief can be granted. See *Vasys* v. *Metropolitan Dist. Commn.*, 387 Mass. at 55-56 (if complaint contains no general averment of performance of conditions precedent, defendant under no obligation to deny nonexistent averment and may raise the issue at any time before or during trial).

[7]In that footnote the Supreme Judicial Court stated, "The single justice denied relief because the denial of a motion to dismiss predicated on the immunity provisions of G. L. c. 258 is immediately appealable under the doctrine of present execution. See *Kent* v. *Commonwealth*, 437 Mass. 312, 316-317 (2002)." *Daveiga* v. *Boston Pub. Health Commn.*, 449 Mass. at 435 n.2.

of a claim against that public employer should be made.

Similarly, nothing in *Bellanti* v. *Boston Pub. Health Commn.*, 70 Mass. App. Ct. at 404-406, renders the denial of the city's motion to dismiss on presentment grounds a matter of immunity that is immediately appealable as of right under the present execution doctrine. There, we reviewed the denial of the public employer's motion for summary judgment and concluded that the judge had erred. No material facts were in dispute, and "it [was] undisputed that the plaintiff failed to make presentment upon the proper executive officer." *Id.* at 402. Neither the "lulling" or "actual notice" exceptions to the presentment requirement applied to the facts. See *id.* at 406-408. In those circumstances, because it was clear as matter of law that the public employer should prevail on its dispositive defense of improper presentment, and no useful purpose would be served by remand, we exercised our discretion to consider the merits of the public employer's appeal.[8] Compare *Kent* v. *Commonwealth*, 437 Mass. at 315 n.7.

Because on the record before us the denial of the city's motion to dismiss is not immediately appealable, we do not reach its argument that the judge erred in concluding that the content of Rodriguez's letter constituted a sufficient presentment.[9] We express no opinion on that issue. See *Martin* v. *Commonwealth*, 53 Mass. App. Ct. at 529 (presentment requirement applied more strictly regarding party noticed than adequacy of content). Nor do we address Rodriguez's argument that the city has waived its challenge to the adequacy of his presentment by failing to plead that affirmative defense with specificity in its answer. See Mass.R.Civ.P. 8(c) (in pleading to a preceding pleading, party shall set forth affirmatively "any other matter constituting an . . . affirmative defense"); *Vasys* v. *Metropolitan Dist. Commn.*, 387 Mass. at 56. Indeed, that issue may well be eliminated by the simple expedient of the city's amending its answer to include as

___

[8]To the extent *Bellanti* may be read to suggest that the doctrine of present execution applies in this circumstance, we clarify that it does not.

[9]The judge also found that the presentment letter was "sent to a proper official at the city." The city has not argued otherwise on appeal.

We decline to exercise our discretion to resolve the merits of the city's argument as to the content of the presentment letter. Even beyond the policy reasons that counsel against permitting immediate appeal from an interlocutory order, in the present procedural posture of the case, the city's challenge to Rodriguez's presentment involves preliminary questions of pleading that must first be addressed in the trial court.

an affirmative defense what its motion to dismiss stated with specificity. See *Sharon* v. *Newton*, 437 Mass. 99, 102 (2002) (well established that affirmative defense must be raised in answer and omission constitutes waiver; equally well settled that party may amend pleadings with leave of court, which "shall be freely given when justice so requires").

Because the doctrine of present execution does not apply in these circumstances, we dismiss the city's appeal.

*So ordered.*