NOTICE: All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports. If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-11767

EDGAR RODRIGUEZ[1] vs. CITY OF SOMERVILLE.

July 20, 2015.

Massachusetts Tort Claims Act. Moot Question. Practice, Civil, Moot case, Presentment of claim under Massachusetts Tort Claims Act, Interlocutory appeal. Governmental Immunity. Municipal Corporations, Governmental immunity, Liability for tort. Notice, Claim under Massachusetts Tort Claims Act.

After the plaintiff, Edgar Rodriguez acting on behalf of his minor son Rodrigo, commenced this negligence action against the city of Somerville (city), the city filed a motion to dismiss pursuant to Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974), claiming that the plaintiff failed to meet the presentment requirements set forth in the Massachusetts Tort Claims Act (Act). See G. L. c. 258, § 4. A judge in the Superior Court denied the motion, concluding that the letter satisfied the statutory requirements. The city appealed, and in doing so argued that the appeal, which was interlocutory, was proper pursuant to the doctrine of present execution. The Appeals Court concluded that the doctrine of present execution does not apply and dismissed the appeal. See Rodriguez v. Somerville, 86 Mass. App. Ct. 1 (2014). The case is now before this court on further appellate review.

Background. The essential background, as set forth in the Appeals Court's decision, is as follows:

"On April 14, 2011, Rodrigo Rodriguez, a second grade student at the Argenziano School in [the city], was injured

---

[1] As father and next friend of Rodrigo Rodriguez.

when a metal door frame fell off the front door of the school and struck him in the head.  On May 11, 2011, an attorney representing the minor and his parent and next friend, Edgar Rodriguez, sent a letter to the mayor of [the city]."

Id. at 2.  The plaintiff maintains that the letter was meant to satisfy the presentment requirements of G. L. c. 258, § 4, and in his complaint filed on March 29, 2013, alleged that "[t]imely and proper presentment was made to [the city] pursuant to [G. L. c. 258, § 4]."[2]

Discussion.  1.  Mootness.  We address, as an initial matter, the plaintiff's motion to dismiss the city's appeal to this court as moot.  He argues that the presentment question is moot because the original pleadings in the case have been superseded by subsequent pleadings, filed while this appeal has been pending.  Among other things, the plaintiff has filed an amended complaint; the city has, in turn, filed an amended answer; and additional parties on both sides have been joined.  None of this, however, negates the underlying issue regarding whether the plaintiff made proper presentment to the city in the first instance, and whether, as the city contends, the appeal is proper pursuant to the doctrine of present execution.  If the city is correct that presentment was improper and that the plaintiff's original complaint should have been dismissed, the city would no longer be a party to the case, regardless of any subsequent filings or proceedings in the trial court.  The city's appeal, therefore, is not moot.

---

[2] General Laws c. 258, § 4, provides in relevant part:

"A civil action shall not be instituted against a public employer on a claim for damages . . . unless the claimant shall have first presented his claim in writing to the executive officer of such public employer within two years after the date upon which the cause of action arose, and such claim shall have been finally denied by such executive officer in writing . . . .  The failure of the executive officer to deny such claim in writing within six months after the date upon which it is presented, or the failure to reach final arbitration, settlement or compromise of such claim according to the provision of section five, shall be deemed a final denial of such claim."

2.  _Present execution_.  We next consider whether the appeal is proper under the doctrine of present execution.  Generally, "an aggrieved litigant cannot as a matter of right pursue an immediate appeal from an interlocutory order unless a statute or rule authorizes it."  _Elles_ v. _Zoning Bd. of Appeals of Quincy_, 450 Mass. 671, 673-674 (2008).  Pursuant to the doctrine of present execution, however, "an interlocutory order is immediately appealable if it concerns an issue that is collateral to the basic controversy . . . and the ruling will interfere with rights in a way that cannot be remedied on appeal from the final judgment" (citations and quotations omitted).  _Shapiro_ v. _Worcester_, 464 Mass 261, 264 (2013).  "Orders denying motions to dismiss based on immunity from suit fall into this limited class of cases" because they are "collateral to the rights asserted in the underlying action" and "the right to immunity from suit would be lost forever if such orders were not appealable until the close of litigation."  _Id_.  Accordingly, we have previously held that the doctrine of present execution applies in cases involving claims of immunity from suit pursuant to G. L. c. 258, § 10.  See _Kent_ v. _Commonwealth_, 437 Mass. 312, 315-317 (2002) (denial of motion to dismiss based on immunity from suit under  to G. L. c. 258, § 10 [_j_], immediately appealable pursuant to doctrine of present execution).

Here, the question is whether a claim of defective presentment pursuant to G. L. c. 258, § 4, is similarly immediately appealable.  We conclude that it is, as we similarly concluded in _Shapiro_ v. _Worcester_, 464 Mass at 264.  In the _Shapiro_ case we considered whether the doctrine of present execution authorized the city of Worcester to seek interlocutory review of the denial of its motion to dismiss as it "relate[d] to the retroactivity of the presentment requirement."  _Id_. at 265.  We held that it did because

> "[a]s with the exceptions to the waiver of sovereign immunity, the presentment requirement is collateral to the substantive aspects of the Act, and the city's right to avoid harassing litigation would be lost forever if it were unable to appeal immediately the judges' orders that the presentment requirement does not apply retroactively . . . ."

_Id_.  That the _Shapiro_ case involved a question of retroactivity, and this case does not, is of no moment.  The presentment requirement protects government officials from having to face unnecessary and potentially harassing litigation.  Allowing an appeal on the basis that presentment was deficient furthers that

important public interest.  See <u>Daveiga</u> v. <u>Boston Pub. Health Comm'n</u>, 449 Mass. 434, 435 n.2 (2007) (noting that appeal from denial of motion to dismiss predicated on defective presentment pursuant to G. L. c. 258, § 4, was before court pursuant to doctrine of present execution); <u>Bellanti</u> v. <u>Boston Pub. Health Comm'n</u>, 70 Mass. App. Ct. 401, 405-406 (2007) (noting that in <u>Daveiga</u> case, this court "accepted the view that the denial of a motion for summary judgment brought on the basis of defective presentment related to immunity under G. L. c. 258 and was immediately appealable under the doctrine of present execution").  Cf. <u>Will</u> v. <u>Hallock</u>, 546 U.S. 345, 352-353 (2006) (considering Federal law analogous to present execution and noting that "it is not mere avoidance of a trial, but avoidance of a trial that would imperil a substantial public interest, that counts when asking whether an order is 'effectively' unreviewable if review is to be left until later").

3.  <u>Presentment</u>.  Having determined that the doctrine of present execution applies, and that the city's appeal is therefore properly before us, we turn to the underlying question whether the plaintiff met the presentment requirements of G. L. c. 258, § 4.[3]

Pursuant to the statute, a claimant must, prior to instituting an action against a public employer on a claim for damages, present his claim in writing to the appropriate executive officer of the public employer.  The purpose of the presentment requirement is to "ensure[] that the responsible

_____

[3] The plaintiff argues that the city of Somerville (city) waived the defense of defective presentment by failing to comply with the requirements of Mass. R. Civ. P. 9 (c), 365 Mass. 751 (1974).  Because proper presentment is a condition precedent, the rule requires the plaintiff to plead performance of the condition in his complaint.  He did so.  In response to the complaint, the city filed its motion to dismiss, clearly stating its claim of defective presentment -- that was the single basis for the motion -- and the defense was properly raised in the motion.  See Mass. R. Civ. P. 12 (b) (6), 365 Mass. 754 (1974).  When the city subsequently filed its answer, it again raised defective presentment as an affirmative defense, albeit not as specifically or as particularly as it could have.  Given the circumstances of the case, and the fact that the plaintiff was clearly on notice of the city's claim of defective presentment, we reject the plaintiff's claim of waiver.  We note as well the city's assertion that the plaintiff raises the waiver argument for the first time on appeal.

public official receives notice of the claim so that that official can investigate to determine whether or not a claim is valid, preclude payment of inflated or nonmeritorious claims, settle valid claims expeditiously, and take steps to ensure that similar claims will not be brought in the future." Gilmore v. Commonwealth, 417 Mass. 718 (1994), quoting Lodge v. District Attorney for the Suffolk Dist., 21 Mass. App. Ct. 277, 283 (1985). Although the plaintiff here presented a written letter to the appropriate official -- the mayor of the city -- the contents of the letter were insufficient to meet the requirements of the statute.

A letter purporting to constitute presentment does not have to be absolutely precise. See Martin v. Commonwealth, 53 Mass. App. Ct. 526, 529-530 (2002), and cases cited. The letter does, however, have to "'identify[] the legal basis of a plaintiff's claim' and must 'not [be] so obscure that educated public officials . . . find themselves baffled or misled with respect to [whether] a claim' is being asserted 'which constitutes a proper subject for suit' under G. L. c. 258." Id., quoting Gilmore v. Commonwealth, supra at 723. The plaintiff's letter does not meet these requirements.

Sent by counsel then representing the plaintiff, the letter in this case did nothing more than state that the minor son was injured in an accident at a public school in the city and that counsel was seeking a copy of the school's report of the incident as well as reports of any other incidents at the same school. The letter also stated that any bill for photocopying or related fees should be sent to counsel's office. It appeared to be, in essence, a public records request, and reasonably could have been interpreted by the city as a precursor to a potential claim, where plaintiff's counsel was simply gathering information to determine whether the plaintiff might have a claim to press. It did not identify any legal basis for a claim against the city, much less actually "present" a claim that the city could reasonably be expected to investigate.

Under § 4, a public employer must respond to a claim by denying it, or by arbitrating, compromising, or settling it, within six months. See also G. L. c. 258, § 5 (detailing arbitration, compromise, and settlement of claims made under Act). The purpose of presentment is to give fair notice of a claim, and of its nature and circumstances. If a purported presentment does not fulfil that purpose, the public employer cannot meaningfully consider the claim or properly respond. The letter in this case did not serve the statutory purpose: it did

not reasonably put the city on notice that the plaintiff was presently making a claim against it.  Presentment was therefore deficient.  On that basis, the city's motion to dismiss the plaintiff's complaint should have been allowed.

Conclusion.  The plaintiff's motion to dismiss the appeal as moot is denied.  The Superior Court judge's order denying the motion to dismiss is reversed.

So ordered.

Jason D. Grossfield, Assistant City Solicitor, for the defendant.

David M. Hass for the plaintiff.