NOTICE:  All slip opinions and orders are subject to formal revision and are superseded by the advance sheets and bound volumes of the Official Reports.  If you find a typographical error or other formal error, please notify the Reporter of Decisions, Supreme Judicial Court, John Adams Courthouse, 1 Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-1030; SJCReporter@sjc.state.ma.us

SJC-12559

MATTHEW THEISZ  vs.  MASSACHUSETTS BAY TRANSPORTATION AUTHORITY.


December 12, 2018.


Massachusetts Bay Transportation Authority.  Massachusetts Tort Claims Act.  Governmental Immunity.  Assault and Battery. Negligence, Bus, Employer, Governmental immunity. Practice, Civil, Presentment of claim under Massachusetts Tort Claims Act, Interlocutory appeal, Affirmative defense, Waiver.


The plaintiff, Matthew Theisz, commenced this action against the Massachusetts Bay Transportation Authority (MBTA) and Derek Smith, an MBTA bus driver, alleging that Smith assaulted him.  In the complaint, Theisz asserted two claims against the MBTA:  negligent hiring, training, and supervision; and vicarious liability.  The MBTA answered Theisz's complaint and then subsequently filed a motion for judgment on the pleadings, arguing that Theisz had failed to adequately present the negligence claim as required by the Massachusetts Tort Claims Act (act).  See G. L. c. 258, § 4.  The MBTA also claimed that it was immune from liability for the vicarious liability claim pursuant to G. L. c. 258, § 10 (c), because the claim arises out of an intentional tort.

A judge in the Superior Court allowed the motion in part and denied it in part.  The judge agreed with the MBTA that it was immune from the vicarious liability claim and allowed the motion as to that claim.  With respect to the negligence claim, he agreed with the MBTA that the presentment letter was inadequate, but he concluded that the MBTA had waived the defense of defective presentment by failing to assert it with the specificity and particularity required by Mass. R. Civ. P. 9 (c), 365 Mass. 751 (1974).  He therefore denied the motion as to

that claim. The MBTA appeals and, in doing so, argues that its appeal, which is interlocutory, is proper pursuant to the doctrine of present execution. We transferred the case to this court on our own initiative.[1]

Background. In his complaint, Theisz alleged the following. On March 3, 2015, at approximately 10:45 P.M., Smith was operating an MBTA bus in Lynn. At a bus stop, Theisz asked Smith for directions. Smith got off the bus and attacked Theisz, causing serious and permanent injuries. In August 2015, Theisz sent a presentment letter to the MBTA in which he claimed that Smith had attacked and seriously injured him. The MBTA did not respond. Theisz then filed his complaint, alleging therein that he had provided the MBTA with notice of his claim pursuant to the act. In its answer to the complaint, the MBTA generally denied the allegation that Theisz had notified it of his claims. The MBTA also stated, as an affirmative defense, that Theisz "failed to make proper presentment of [his] claim pursuant to G. L. c. 258, § 4."

In its motion for judgment on the pleadings, the MBTA argued that Theisz's presentment letter was inadequate because it failed to notify the MBTA of the negligence claim that Theisz included in his complaint. Rather, the letter, in the MBTA's view, merely described an incident that amounted to an intentional act, liability for which the MBTA would be immune. The judge agreed, concluding that the only allegation included in the presentment letter was that of an intentional tort for which the MBTA is immune from liability. See Tambolleo v. West Boylston, 34 Mass. App. Ct. 526, 532 (1993) (presentment letter inadequate where it only apprised defendant of claim arising out of intentional tort). The judge went on to note, however, that because presentment is a condition precedent to establishing liability under the act, the MBTA needed to deny Theisz's assertion of proper presentment "specifically and with particularity," pursuant to Mass. R. Civ. P. 9 (c). He concluded that the MBTA had failed to do this and therefore waived its defense of defective presentment. See Martin v. Commonwealth, 53 Mass. App. Ct. 526, 532-533 (2002) (assertion of "boilerplate defenses" does not meet rule 9 [c] particularity

_____

[1] The appeal relates only to the negligence claim. The judge's decision to allow the MBTA's motion as to the vicarious liability claim is not a part of this appeal. The plaintiff also asserted three claims against the driver, Derek Smith. Those claims remain pending in the trial court and are similarly not a part of this appeal.

requirement).  On this basis, he denied the MBTA's motion for judgment on the pleadings as to the negligence claim.

Discussion.  1.  Present execution.  In considering the MBTA's interlocutory appeal, we must first determine its propriety.  As previously noted, the MBTA claims that its appeal is proper pursuant to the doctrine of present execution.  In the context of claims of immunity from suit, we have held that the doctrine "applies in cases involving claims of immunity from suit pursuant to G. L. c. 258, § 10," as well as claims of defective presentment pursuant to G. L. c. 258, § 4.  Rodriguez v. Somerville, 472 Mass. 1008, 1009-1010 (2015).  This case represents the latter -- that is, a claim by the MBTA of defective presentment.

In the Rodriguez case, the defendant, the city of Somerville, filed a motion to dismiss the plaintiff's complaint on the basis that the plaintiff had failed to meet the presentment requirement pursuant to G. L. c. 258, § 4.  See id. at 1008.  The motion was denied, and the city appealed, arguing that the interlocutory appeal was proper pursuant to the doctrine of present execution.  See id. at 1010.  In concluding that the appeal was proper, we noted that "[t]he presentment requirement protects government officials from having to face unnecessary and potentially harassing litigation.  Allowing an appeal on the basis that presentment was deficient furthers that important public interest."  Id.

Although the posture of the MBTA's appeal in this case differs somewhat from that of the Rodriguez case, the same "important public interest" is at stake.  In the Rodriguez case, as we have noted, the city was appealing from a judge's ruling that presentment was adequate.  Here, the MBTA appeals from a judge's ruling that it waived a particular affirmative defense, rather than directly from any ruling on the adequacy of presentment.  The affirmative defense, however, relates directly to the adequacy of presentment and, as such, to the issue of immunity from suit.  In both cases -- here as well as in the Rodriguez case -- the issue at the root of whether the appeal is subject to present execution, and whether it is therefore properly before us, is the same.

Our conclusion that the MBTA's appeal is properly before us should not be viewed as an expansion of the doctrine of present execution, however, which we continue to recognize as a narrow exception to the general, very well-settled rule that "absent special authorization . . . an appellate court will reject

attempts to obtain piecemeal review of trial rulings that do not represent final disposition on the merits" (quotations and citation omitted). Fabre v. Walton, 436 Mass. 517, 520-521 (2002). The purpose of the doctrine is to allow for "immediate appeal of an interlocutory order . . . if the order will interfere with rights in a way that cannot be remedied on appeal from the final judgment." Id. at 521, and cases cited. Here, the order denying the MBTA's motion for judgment on the pleadings, which is rooted in a claim of immunity from suit, fits within the doctrine.

2. Adequacy of pleading the affirmative defense. Having determined that the MBTA's appeal is properly before us, we turn now to the issue whether the MBTA sufficiently pleaded its affirmative defense that presentment was inadequate.[2] We agree with the judge that it did not.

As the judge noted, proper presentment is a condition precedent governed by Mass. R. Civ. P. 9 (c). "[P]resentment is a condition precedent to bringing suit" pursuant to G. L. c. 258, and a defendant must deny a plaintiff's averment of proper presentment specifically and with particularity pursuant to rule 9 (c) "or defective presentment is not an issue in the case." Vasys v. Metropolitan Dist. Comm'n, 387 Mass. 51, 52 (1982). See Rodriguez, 472 Mass. at 1010 n.3.[3] "A defendant who does contest compliance with conditions precedent must pinpoint the particular condition or conditions alleged to remain unsatisfied; a general denial does not raise the issue" (emphasis added). J.W. Smith & H.B. Zobel, Rules Practice § 9.7 (2d ed. 2006).

---

[2] There is little question that presentment was inadequate, where the letter failed to notify the MBTA of the negligence claim that Theisz eventually asserted in his complaint. Theisz himself does not appear to refute this.

[3] In the Rodriguez case, the city first stated its claim of defective presentment in its motion to dismiss. See Rodriguez v. Somerville, 472 Mass. 1008, 1010 n.3 (2015). The city then also raised it as an affirmative defense in its subsequent answer. See id. Although the city did not raise defective presentment in its answer "as specifically or as particularly as it could have," we concluded that the answer was sufficient in the circumstances, especially where the city had already clearly raised the issue in its motion to dismiss. See id.

Paragraph fifteen of Theisz's complaint states that he "notified the Defendant of []his claim on August 3, 2015 by means of a presentment letter sent to the executive officer of the MBTA . . . within two (2) years of the date of the incident described in Plaintiff's complaint." In its answer, the MBTA's response to paragraph fifteen provides a general denial -- "[t]he defendant denies the allegations contained in this paragraph" -- and its relevant affirmative defense asserts, in its entirety, that "[p]laintiff's claim should be dismissed as Plaintiff failed to make proper presentment of this claim pursuant to [G. L. c.] 258, § 4." This is not the type of specific and particular denial called for by the rule.

The MBTA argues that it did more than merely assert a general denial or a "boilerplate" defense that the complaint failed to state a claim. While it might be accurate to say that the MBTA did something slightly more than merely state that the complaint failed to state a claim, by stating in the most generic way possible its position that Theisz failed to make proper presentment, that description of its defense still falls into the category of "boilerplate." The MBTA's specific and particular position in its motion for judgment on the pleadings, as it is now on appeal, was that presentment was inadequate because Theisz's letter failed to notify the MBTA of the negligence claim that Theisz eventually raised in his complaint. That is something that the MBTA easily could have, and should have, stated in its affirmative defense. Doing so would have met the requirement of the rule that a denial of performance of a condition precedent be made "specifically and with particularity." Because the MBTA's affirmative defense, as pleaded, fell short of the requirement of the rule, the adequacy of presentment is "not an issue in the case." Vasys, 387 Mass. at 52, citing Travers v. Travelers Ins. Co., 385 Mass. 811 (1982).

Finally, we note that, at oral argument, questions arose regarding the timing of certain filings in the trial court and whether the MBTA had intentionally "run out the clock," so to speak, thus precluding, for example, an opportunity for Theisz to remedy any defect in presentment. At the court's invitation, the MBTA filed a postargument letter setting forth the relevant timeline, and Theisz filed a response. The letters reflect, essentially, what is clear from the trial court docket: Theisz filed his complaint on September 28, 2016, and served it on the MBTA on December 28, 2016; the MBTA filed its answer on February 10, 2017, and its motion for judgment on the pleadings on June 1, 2017. Although a finding that the MBTA failed to plead its

affirmative defense specifically and with particularity pursuant to rule 9 (c) does not require a finding of prejudice, we note that the failure may in fact have prejudiced Theisz.  If in its answer the MBTA had pleaded its defense with the requisite specificity and particularity, Theisz would still have had time to provide proper presentment (by March 3, 2017, which would have been two years from the date of the incident).  In any event, even if there had been no prejudice, the judge was warranted in concluding that the MBTA had waived the affirmative defense of inadequate presentment by failing to plead it with the required specificity and particularity.

The order allowing in part and denying in part the MBTA's motion for judgment on the pleadings is affirmed.

<u>So ordered</u>.

Roberto M. Braceras (Amy Bratskeir & Jennifer Minjung Lee Sage also present) for the defendant.
David H. Rich (Benjamin J. Wish also present) for the plaintiff.